## JIM BARNETT v. THE STATE.

### No. 6176.  Decided April 13, 1921.

**Aggravated Assault—Evidence—Rule Stated—One Transaction—Res Gestae.**

Where, upon trial of aggravated assault, the State was permitted to introduce in evidence part of the transaction occurring between the parties, and the defendant was put in the attitude of acting with another against

the injured party, the conversation which took place at the time between the parties was a part of the transaction tending to explain the act of defendant and his companion, and the same was *res gestae* and admissible in evidence and the exclusion of same was reversible error.

Appeal from the County Court of Falls. Tried below before the Honorable E. M. Dodson.

Appeal from a conviction of aggravated assault; penalty, a fine of $50.

The opinion states the case.

*Nat Llewellyn,* for appellant.

*R. H. Hamilton,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—Appellant is convicted of aggravated assault and punishment fixed at a fine of fifty dollars.

The appellant and one, Smith, went to the place of business of Buls, and, according to the State's testimony, assaulted him, Smith using his crutches as weapons and also drawing his pistol, and the appellant striking Buls on the head with a pistol.

Appellant's testimony and theory was to the effect that he accompanied Smith to the store in which Buls worked; that Buls and Smith engaged in an altercation, and Buls caught Smith and threw him on the floor, a pistol firing at the time of the fall; that Smith called to appellant to take Buls off, as Smith at the time was suffering from a leg broken at another time and place; that appellant attempted to do so but Buls resisted, when he was struck by the appellant for the purpose of preventing further injury to Smith.

It is shown by the State's testimony that as appellant and Smith entered, Smith asked if that was the man, referring to Buls, and received from appellant an affirmative answer. This was followed by Smith and appellant following the appellant into the rear of the building. Buls claims that at the time he received the blow he was not on top of Smith but lying by his side holding the hand in which Smith held a pistol. It is made clear from the State's testimony that appellant struck no blow until after Buls and Smith were lying down upon the floor. It was claimed by the State's witnesses that before the assault by Smith, the appellant told him to do what he had come there for.

Appellant testified that their purpose in going to the store was to talk to Buls, and that he was not aware that Smith was armed until the shot was fired.

In several bills of exceptions, complaint is made of the refusal of the court to sanction the introduction of testimony to the effect that upon entering the store Smith charged Buls with writing an insulting letter to Smith's daughter and insisted that it should not be repeated; that Buls admitted writing the letter but denied that it

was insulting; that a controversy ensued between Buls and Smith and culminated in the fight between them. This testimony, according to the bills, was available from the mouth of the State's witnesses and was excluded as irrelevant and immaterial. Its exclusion, in our judgment, was error.

By the part of the transaction proved by the State, the appellant was put in the attitude of acting with Smith in an unprovoked attack upon the injured party. The conversation which took place at the time between Smith and Buls was a part of the transaction tending to explain the acts of Smith and of the appellant. It was *res gestae.* Underhill on Criminal Evidence, Section 95, and cases cited in Note 13.

The State having proved a part of the transaction, the declarations which were also a part of it and which served to explain the motive which actuated the appellant and Smith were admissible by virtue of the statute, Article 811, which declares that when a part of an act, declaration or conversation is given in evidence by one party, the whole on the subject may be introduced by the other. The exclusion of the evidence was harmful for the reason that the part of the transaction carved out and introduced by the State put the appellant and Smith wholly in the wrong in beginning the difficulty, while that excluded would have gone to show that Smith, in demanding an explanation of the conduct of Buls in writing the insulting letter, was performing a lawful act, and as to him obviously, if death had resulted, the issue of manslaughter would have arisen, and upon the same facts we think it would likewise have arisen to appellant. Guffee v. State, 8 Texas Crim. App., 409. Moreover, it was calculated to mitigate the offense, if one had been committed by the appellant and might have resulted in an acquittal. In the light of it the jury might have concluded that the appellant's act was defensive of Smith and inspired by no motive other than his protection against excessive force of his assailant. Pratt v. State, 53 Texas Crim. Rep., 285; Wood v. State, 28 Texas Crim. App., 61; Code of Crim. Procedure, Art. 811.

The exclusion of the evidence entitles the appellant to a reversal of the judgment, which is accordingly ordered.

*Reversed and remanded.*